IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STEPHEN HOWARD, AIS # 266906,   )
                                )
      Plaintiff,                )
                                )
      v.                        )   CASE NO. 2:26-CV-182-WKW
                                )   [WO]
WARDEN HEADLY, *et al.*,         )
                                )
      Defendants.               )

## ORDER

On February 5, 2026, a *pro se* 42 U.S.C. § 1983 complaint filed by twenty inmates incarcerated at Staton Correctional Facility, including Plaintiff Stephen Howard, was received and docketed. *See McCoy v. Headly*, 2:26-cv-84-RAH-SMD (M.D. Ala. filed Feb. 5, 2026), ECF. No. 1. On March 13, 2026, an Order was issued, directing that separate civil actions be opened for nineteen of the twenty plaintiffs. *Id.*, ECF No. 2 ("March 13 Order"). In accordance with the March 13 Order, this action was opened.

By Order dated March 17, 2026, Plaintiff was instructed to either pay the filing and administrative fees or file an application for leave to proceed *in forma pauperis* with a certified prison account statement from the inmate account clerk. (Doc. # 3 ("March 17 Order").) The March 17 Order set a deadline of April 7, 2026, and expressly cautioned Plaintiff that his failure to comply with the Order's

provisions would result in dismissal without further notice for failure to prosecute and comply with an order of the court.  (Doc. # 3 at 2.)  To date, Plaintiff has neither paid the filing and administrative fees nor filed an *in forma pauperis* application as ordered.  Consequently, this action will be dismissed without prejudice.

A district court "may dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up), *petition for cert. filed*, No. 25-808 (U.S. Jan. 9, 2026). The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*,

143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Because Plaintiff has failed to comply with the March 17 Order, despite its express directives and warnings, and because this case cannot proceed without either prepayment of the requisite filing fees or the granting of *in forma pauperis* status, this action will be dismissed without prejudice.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 27th day of April, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

3